# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARRELL J. YOUNG,**
**EMERALD McNEIL,**

              **Plaintiffs,**

**-vs-**                                                   **Case No. 6:04-cv-1830-Orl-31KRS**

**SEMINOLE COUNTY SHERIFF DONALD**
**F. ESLINGER, and DEPUTY SHERIFF**
**OFFICERS CHARLES B. FAGAN,**
**WYTOSIA WILEY, JEFFREY WILBUR,**
**RAY BRONSON, & JEFF DUNCAN**
              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' OBJECTION TO TAXATION OF COSTS (Doc. No. 94)**
>
> **FILED:**     **November 2, 2007**

## I. PROCEDURAL HISTORY.

    Plaintiffs Darrell J. Young and Emerald McNeil commenced their action by filing a complaint in state court against Defendants Seminole County Sheriff Donald F. Eslinger, Deputy Charles Fagan, and Deputy Wytosia Wiley. Doc. No. 2. The defendants removed the case to this Court. Doc. No. 1 at 2. In an amended complaint, which added Deputy Jeffrey Wilbur, Deputy Ray Bronson, and

Deputy Jeff Duncan as defendants, the plaintiffs alleged that they were unlawfully subjected to a traffic stop, detained, and searched by the defendants because of their race. Doc. No. 38. The plaintiffs' complaint alleged causes of action for false arrest/imprisonment and detention, violation of the right to privacy, invasion of privacy, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983. *Id.*

On June 5, 2006, the defendants moved for summary judgment on all counts of the plaintiffs' amended complaint. Doc. Nos. 55, 56. The Court granted summary judgment on all counts except the state law claim of false arrest/imprisonment and detention against Sheriff Eslinger in his official capacity. Doc. Nos. 75, 76, 88, 89, 91. The remaining claim has been remanded to state court. Doc. No. 92.

The defendants filed their proposed Bill of Costs on October 19, 2007, doc. no. 90, which was taxed against the plaintiffs in the amount of $10,405.78, doc. no. 93. The plaintiffs subsequently filed the present motion objecting to the taxation of costs. Doc. No. 94.

**II.  APPLICABLE LAW**.

Defendants Eslinger, Fagan, Wilbur, Wiley, Duncan, and Bronson seek to recover from Plaintiffs Young and McNeil the costs they incurred in defending this action. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" The Supreme Court has held that 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)(citing

*Crawford*, 482 U.S. at 445). The Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

The following are allowable as costs under § 1920:

(1) Fees of the clerk and the marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923; and

(6) Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

## III. ANALYSIS.

The plaintiffs object to the amount the defendants are seeking for copying costs and for court reporter fees for the deposition transcripts of Michael Vallot, Keith Waters, Dennis Lee, William Morris, Martin Linnekugal, Bob Colbert, and James Gibson. No other challenges have been presented as to the defendants' Bill of Costs. Doc. No. 94.

A. *Fees for Exemplification and Copies of Papers*.

In the Bill of Costs, the defendants seek $3,610.36 in copying costs. Doc. No. 93. The plaintiffs object, arguing that the defendants have failed to document the reason the photocopies were made and have not provided any information for the Court to ascertain whether the photocopies were necessary or reasonable. Doc. No. 94 at 1.

In support of their Bill of Costs, the defendants submitted a listing by date of the amount charged for making copies of papers. Doc. No. 90 at 8-9. The defendants acknowledge that "counsel did not at the time of making photocopies document what materials were being copied." Doc. No. 97 at 6. However, they assert that copies of seventeen depositions were made for review by the defense expert. Copies of records were obtained by subpoena from ten separate medical providers and nine employers. The defendants also copied for production in discovery personnel, training and internal investigation files on all officers named as defendants in the case. *Id.* at 6-7. The defendants charged $.13 per page for making these copies.

Under § 1920 "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citing *W&O*, 213 F.3d at 623). "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Id.* "Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D. Ga. 1992); *accord Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use); *see also Scelta v. Delicatessen Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1340-41 (M.D. Fla 2002) (holding that "since the defendants have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for the use in this case, reimbursement for photocopying costs is rejected in its entirety); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) ("A prevailing party may

not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.").

At the charged rate of $.13 per page, the defendants would have made more than 27,000 pages of copies to incur a copying cost of $3,610.36. Without evidence to the contrary, the Court cannot reasonably conclude that all of these copies were necessarily obtained, rather than obtained for the convenience of counsel. However, the record supports the defendants' arguments about the volume of discovery documents that were necessarily obtained and produced in this case. *See, e.g.,* Doc. Nos. 51, 57, 68-3. Accordingly, I recommend that the Court sustain the objection, in part, and reduce the costs taxed for making copies of papers to $1,300.00.

    *B.    Deposition and Sworn Statement Transcripts.*

Defendants seek $4,453.49 in court reporter fees. The plaintiffs object to the portion of these costs attributable to the deposition or sworn statement transcripts of Michael Vallot, Keith Waters, Dennis Lee, William Morris, Martin Linnekugal, Bob Colbert, and James Gibson, arguing that the transcripts were not used in the case. They further argue that the defendants have not differentiated the costs for the depositions of Morris and Linnekugal, preventing them from knowing how much the defendants are seeking in costs for these depositions. Lastly, the plaintiffs argue that without having deposition transcript invoices attached, the Court cannot determine whether the defendants are seeking costs for additional copies, mini-transcripts, or expedited transcripts. Doc. No. 94 at 2-3.

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," which includes the costs of deposition transcripts. 28 U.S.C. §1920(2); *W&O, Inc.*, 213 F.3d at 620; *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Costs for deposition transcripts are

taxable only if the deposition was "necessarily obtained" for use in the case. *W&O, Inc.*, 213 F.3d at 621. "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)). District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981).

The costs of obtaining transcripts of depositions of witnesses on a losing party's witness list are generally considered taxable. *Maris Distrib. Co.*, 302 F.3d at 1225. In addition, deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition. *W&O, Inc.*, 213 F.3d at 621. The parties need not have used the deposition at trial. *Id.* Deposition costs of witnesses are taxable even if the prevailing party successfully moves to exclude from trial the testimony of those witnesses. *Id.* at 622.

    1. <u>William Morris, Martin Linnekugel, Bob Colbert, and James Gibson</u>.

In the Joint Final Pre-Trial Statement, filed on September 19, 2006, the plaintiffs designated portions of the depositions of Bob Colbert, James Gibson, Martin Linnekugel, and William Morris as depositions that they intended to present in evidence at trial. Doc. No. 68 at 5-10. Additionally, the plaintiffs listed Morris, Linnekugel, and Gibson as witnesses likely to be called, and Colbert as a witness who might be called. *Id.* Because plaintiffs indicated an intent to use these depositions, or call the deponents as witnesses, these transcripts were necessarily obtained by the defendants for use in this case. *See W&O, Inc.*, 213 F.3d at 621 (stating that the "admission [of a deposition] into evidence or use during cross-examination tends to show that [it was] necessarily obtained").

In response to the plaintiffs' objections, the defendants filed the invoices for these deposition transcripts. Doc. No. 97-2. These invoices reflect that the defendants are not seeking costs for any additional services such as multiple copies, mini-transcripts, or expedited transcripts. Accordingly, I recommend that the plaintiffs' objections to the costs associated with Morris, Linnekugel, Colbert, and Gibson's depositions be overruled.

  2. <u>Dennis Lee</u>.

Defendants listed portions of Dennis Lee's deposition in the Joint Final Pretrial Statement as a document it would submit in evidence at trial. Doc. No. 68 at 13. The defendants also cited to Lee's deposition in their motion for summary judgment. Doc. No. 56 at 16 n.13. As previously discussed, the admission of a deposition into evidence tends to show that it was necessarily obtained. Therefore, the objection that Lee's deposition was not necessarily obtained for use in the case should be overruled.

  3. <u>Keith Waters</u>.

Keith Waters is an attorney who previously represented Plaintiff Young in an incident during which Young allegedly threatened Amtrak train employees. Waters' deposition was filed in support of the defendants' motion for summary judgment, but it was not cited in the motion. The defendants represent that the deposition lasted only thirteen minutes and was taken to confirm statements made to the FBI and to identify a psychotherapist who treated Young. Doc. No. 97 at 5. As previously discussed, where deposition costs are incurred for convenience and for purposes of investigation only, the costs are not recoverable. *W&O, Inc.*, 213 F.3d at 621. In the present action, it was not necessary for the defendants to obtain the deposition transcript of Waters. His deposition was taken for investigational purposes only. While the deposition transcript was filed in support of the defendants'

motion for summary judgment, it was not necessarily obtained for a ruling on that motion. Accordingly, it is recommended that the defendants' Bill of Costs be reduced in the amount of $128.25, which was the cost of obtaining Waters' deposition transcript.

    4.    <u>Michael Vallot</u>.

The defendants advise the Court that a sworn statement was taken from Michael Vallot in anticipation of him being called as a trial witness and to assist defendants' counsel in taking another witness' deposition. Vallot was not listed as a possible witness by any party in the Joint Final Pretrial Statement. As Vallot was deposed for investigational purposes only, it was not necessary for the defendants to obtain a transcript of his sworn statement. Therefore, it is recommended that the Bill of Costs be reduced in the amount of $160.25, which is the cost attributed to obtaining a copy of Vallot's sworn statement.

## IV.   RECOMMENDATION.

For the foregoing reasons, I recommend that the Court **GRANT in part and DENY in part** Plaintiffs' Objection to Taxation of Costs (Doc. No. 94). I further recommend that the Court **VACATE** the costs taxed by the Clerk of Court, doc. no. 93, and award the defendants $7,806.92 in taxable costs.[1]

Failure to file written objections to the proposed findings and recommendations contained in

---

[1] The taxable costs are computed as follows: total costs sought ($10,405.78) - copying costs ($3,610.36) + allowed copying costs ($1,300.00) - fees for deposition transcripts of Waters ($128.25) and Vallot ($160.25).

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy